IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-10-27-GF-BMM-RKS-02 |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| MARTIN RAY HOULE, | |
| Defendant. | |

## I. Synopsis

Mr. Houle was accused of violating his conditions of supervised release by failing to participate in required substance abuse testing, failing to report to his residence as instructed, and failing to report to the Butte Pre-Release Center as instructed. He admitted to the violations. Mr. Houle's supervised release should be revoked. He should be placed in custody for ten months with no supervised release to follow.

## II. Status

Mr. Houle pleaded guilty to Distribution of Cocaine in 2010. Doc. 42. He

1

was sentenced to incarceration for 17 months, with three years of supervised release to follow.  Doc. 56.  Mr. Houle's supervised release was revoked in September 2011 because he violated the conditions by consuming alcohol and failing to maintain employment.  Docs. 68, 77.  Mr. Houle was ordered into custody for ten months, with 26 months supervised release to follow and with the first 180 days of supervised release to be spent in a residential release center.  Doc. 77.  Mr. Houle was released from the residential release center on January 5, 2013.  Doc. 92.  In March 2014, Mr. Houle's supervised release was revoked after he failed to participate in required substance abuse testing and failed to report to his probation officer as directed.  Docs. 99-100.  Mr. Houle was ordered into custody for four months, with 22 months of supervised release to follow.  Docs. 99-100.  Mr. Houle's current period of supervised release commenced on May 16, 2014.  Doc. 103.

**Petition**

The United States Probation Office filed a petition on September 13, 2014, asking the Court to revoke Mr. Houle's supervised release.  In the petition, the Probation Office accused Mr. Houle of violating Special Condition 1 of his supervised release by failing to report for random urinalysis testing on five dates in July 2014.  The petition alleged that Mr. Houle violated Special Conditions 2 and 3

by failing to report to his probation officer at Mr. Houle's residence on July 10, 2014, and failing to report to the Butte Pre-Release Center on July 25, 2014. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Houle's arrest. Doc. 103.

**Initial appearance**

Mr. Houle appeared before the undersigned on October 28, 2014, in Great Falls, Montana. Federal Defender R. Henry Branom Jr. accompanied him at the initial appearance. Assistant United States Jessica Betley represented the United States.

Mr. Houle said he had read the petition and understood the allegations. He did not contest the alleged violations. Mr. Houle waived the preliminary hearing, and the parties were ready to proceed with the revocation hearing. Both parties consented to proceeding before the undersigned.

**Revocation hearing**

Mr. Houle appeared at the revocation hearing with Mr. Branom. Ms. Betley appeared on behalf of the United States.

Mr. Houle admitted that he violated his supervised release special conditions 1, 2, and 3. The violations warrant revocation of Mr. Houle's supervised release.

Mr. Houle's violation grade is Grade C, his criminal history category is II,

and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for up to 22 months, less any custodial time imposed.  The United States Sentencing Guidelines call for four to ten months in custody, with 22 months of supervised release, less any custodial time imposed.

Mr. Branom requested a sanction of incarceration for ten months with no supervised release to follow.  Ms. Betley agreed with Mr. Branom's recommendation.  Mr. Houle said he had nothing to add.

### III.  Analysis

Mr. Houle's supervised release should be revoked because he admitted violating its conditions.  He should be incarcerated for ten months, with no supervised release to follow.  The parties agree that continued supervision would not serve any purpose in this case.

### IV.  Conclusion

Mr. Houle was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Houle's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr.

Houle's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

1. Martin Ray Houle violated Special Condition 1 of his supervised release by failing to appear for random urinalysis tests on July 12, July 13, July 22, July 24, and July 26, 2014.

2. Martin Ray Houle violated Special Condition 2 of his supervised release by failing to report to his residence for a home visit on July 10, 2014, and by failing to report to the Butte Pre-Release Center on July 25, 2014, for a non-compliance hearing.

3. Martin Ray Houle violated Special Condition 3 of his supervised release by failing to report to his residence for a home visit on July 10, 2014, and by failing to report to the Butte Pre-Release Center on July 25, 2014, for a non-compliance hearing.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Houle's supervised release and committing Mr. Houle to the custody of the United States Bureau of Prisons for ten months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 19th day of November, 2014.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge